## Roland *against* Miller.

An encumbrance upon land, not known to the vendee when he accepted the conveyance of it, may be set up as a defence to the payment of a bond given for the purchase money, although the deed contains a covenant of general warranty.

If facts offered to be proved by one party are *primâ facie* evidence, it would be irregular to interfere with the course of such evidence, by the introduction of the evidence of the other party, in support of an objection to its admissibility.

In an action of debt upon a bond given for the purchase money of land sold and conveyed, the jury may give a verdict for the plaintiff, with the condition annexed, that no execution shall issue for the recovery of the amount of it, until the plaintiff shall remove an encumbrance from the land which was the consideration of it.

ERROR to the Common Pleas of *Berks* county.

Abraham Roland against Jacob Miller.

This was an action of debt upon a bond, dated the 1st of April 1839, from the defendant to the plaintiff, in the penal sum of $1300, conditioned for the payment of $650, with interest at or upon the 1st day of April 1840, " provided the said Abraham Roland shall pay, and have cancelled all and every judgment of record that now stands open against him, before the day of payment herein stipulated, without fraud or further delay, then the above obligation to be void and of no effect, otherwise to be and remain in full force and virtue, except as herein provided." Plea, " payment with leave to give the special matters in evidence."

The defendant purchased real estate from the plaintiff, and to secure a portion of the purchase money, gave his bond to him for $650, dated the 1st of April 1839, and payable in one year. The defendant was to get a clear and unencumbered title. The land belonged to Peter Rightmyer, in his lifetime. He died intestate, leaving a widow and four children. His real estate, as well that sold by the plaintiff to defendant as other lands, was appraised as one purpart at $2758, and was accepted by one of the heirs. The widow is still living. The one-third of this sum remained charged on the lands appraised. The land sold to the defendant was charged with it; it was a lien upon it, in the hands of the defendant. The defendant set up this lien as a defence to the payment of the bond. At the time of the sale by the plaintiff to the defendant, the defendant was ignorant of this encumbrance. There was no proof that the defendant knew of it, until he was informed of its existence early in the year 1840. At the time the bond was given, the vendee received a deed of conveyance of the real estate from the vendor, which contained a covenant of general warranty.

[Roland v. Miller.]

BANKS, President, instructed the jury that the defence was available, but that the jury might find for the plaintiff the amount due on the bond, principal and interest, to be paid when the encumbrance should be removed from the estate purchased.

The jury found the following verdict, viz.—" We find in favour of the plaintiff $768.62, with stay of execution until the said plaintiff shall procure from the widow and heirs of Peter Rightmyer, late of the borough of Reading, deceased, a release to said defendant, his heirs and assigns, of the eastern moiety of lot No. 151, in the town plot of said borough, containing in front on Penn street 30 feet, in depth 270 feet, adjoining lot of late John Shearer and David Rightmyer.

The same lot being the premises conveyed by the plaintiff to defendant by two deeds, dated the 29th of April 1839, and to secure part of the consideration money of which the bond, on which this suit is founded, was given, of and from the charge of one-third of the valuation money of the whole of the real estate, late of Peter Rightmyer, deceased, to wit: $2758, one-third whereof is $919.33, which remains charged on the whole of the real estate of the late Peter Rightmyer, deceased; said lot No. 151, being a part thereof, for the benefit of the widow of said deceased, to wit: Margaret Wollison, late Margaret Rightmyer, the interest thereof payable annually during her life, and, after her death, the principal to the heirs of said deceased, and of and from all interest accrued, or which may yet accrue, thereupon, or upon a part or portion thereof, as well principal of said third as also the right, title, and interest whatsoever, of the widow and heirs of Peter Rightmyer, deceased, in or to said eastern moiety of said lot No. 151; said release to be delivered to the defendant."

Upon this finding the court entered a judgment for the plaintiff.

*Hoffman*, for plaintiff in error. The vendee had notice by the records of the Orphans' Court of the existence of this encumbrance when he accepted the conveyance and covenant of waranty, and therefore he cannot now make the defence. 13 *Serg. & Rawle* 386; 2 *Johns. Ch.* 519. A conditional verdict, such as this, is unknown to our law, and cannot be sustained. 5 *Serg. & Rawle* 167.

*Smith*, for defendant in error, cited 7 *Watts* 107; 13 *Serg. & Rawle* 165; 16 *Serg. & Rawle* 260; 1 *Serg. & Rawle* 438; 5 *Serg. & Rawle* 204; 9 *Serg. & Rawle* 161; 1 *Penn. Rep.* 257; 1 *Watts & Serg.* 400.

The opinion of the Court was delivered by

KENNEDY, J.—This was an action of debt, founded upon a bond of $1300, conditioned for the payment of $650. The defendant below, who is also the defendant here, put in the plea of payment, with leave to give the special matter in evidence, which was, that

[Roland v. Miller.]

he had executed the bond to the plaintiff to secure the payment
of the balance of $2725, being the amount of consideration money,
which the defendant was to pay to the plaintiff for a lot of ground
No. 151, situate in the borough of Reading, with the buildings
and improvements thereon erected, sold by the plaintiff to the
defendant, upon the terms and conditions contained in an article
of agreement, made in writing between them, under their respec-
tive hands and seals, bearing date the 15th of October 1838; that
the defendant had discovered since the purchase and the giving
of his bond, that one-half of the lot so purchased was charged, at
the time of his purchase and long before, with the payment of the
interest of $919.33, annually, to the widow of Peter Rightmyer,
during her natural life, who was still living, and with the princi-
pal, upon her death, to the heirs of the said Peter. The defendant,
after having shown that one-half of the lot was so charged, by the
production of the records of the Orphans' Court, which were read
in evidence, offered to give in evidence the article of agreement,
which was objected to by the plaintiff, but admitted by the court,
to which the plaintiff excepted; and this exception is made the
ground of the first error. The evidence thus offered was clearly
admissible. It is impossible to perceive even the shadow of an
objection to it, at the stage of the trial in which it was offered.
The objection to the evidence was founded upon an allegation,
that according to the final arrangement between the parties in
consummating the purchase, by the plaintiff's making a title to
the lot, it was done by the plaintiff's executing two deeds of con-
veyance to the defendant, one for the eastern half of the lot, and
the other for the western half of it; that the purchase money was
apportioned, allowing $1925 thereof as the consideration for the
eastern half of the lot, upon which the charge rested; and $800,
the residue thereof, as the consideration for the western half, on
which the charge did not exist; and that the bond in suit was
given to secure the payment of $650, part of the $800, which was
the consideration agreed on for the western half of the lot: and in
order to prove this, as the ground of his objection to the defend-
ant's giving the articles of agreement in evidence, the plaintiff
offered to give the deeds in evidence. It would have been very
wrong in the court to have interrupted the defendant in giving
his evidence, as the plaintiff's counsel wished, and to have permit-
ted the plaintiff to give evidence of facts, which, even if true,
would have rendered the evidence offered by the defendant of no
avail. It would not only have been grossly irregular in the court
to have permitted the plaintiff to have done so, but would have
answered no such end as the plaintiff desired, because the evi-
dence offered by the plaintiff, as well as that offered by the defend-
ant, was to prove matters of fact, which could not be decided by
the court alone; and hence the evidence offered by the defendant
would have to go to the jury at all events.

[Roland v. Miller.]

The second error is an exception to the opinion of the court, rejecting what the plaintiff proposed to prove by Daniel Engle. We think the evidence was clearly inadmissible, because it would only at most have proved what had passed between the parties some time previously to closing and putting in writing the agreement for the purchase of the property; and therefore could not control, or alter in the slightest degree, that which was finally agreed on afterwards, and reduced to writing between them. The writing executed between them must be considered as containing their last agreement on the subject, unless it were obtained unfairly, or through mistake, which is not alleged.

The third error is likewise an exception to the opinion of the court, rejecting what was alleged to be a copy of an agreement between John Rightmyer and Jacob Rightmyer, relating to part of the lot purchased by the defendant of the plaintiff. To render the copy of an agreement admissible, instead of the original, which is considered the best evidence, and therefore ought always to be produced if it can be had, it must be first shown, that there was such an agreement made and in being, as that contained in what is offered as a copy of it; and that it is either lost, destroyed, or for some sufficient reason cannot be had; and again, in the next place, that the writing offered as a copy of it is truly so. But here the writing called a copy was offered without even a spark of evidence being given, to show that any agreement of the kind had ever been made or known to exist. It would therefore have been most gross error in the court, if it had received the paper, purporting to be a copy, in evidence.

The remaining errors consist of exceptions to the charge of the court. First, that " the court erred in charging the jury to find a conditional verdict in favour of the defendant, instead of leaving it to the jury as a question of fact, to decide whether the bond was given for that part of the property upon which the charge existed, or the other which was wholly unencumbered." In point of fact, it does not appear that the court did charge the jury to find a conditional verdict in favour of the *defendant*, but that they might find *for the plaintiff* the amount due on the bond, principal, and interest, to be paid when the encumbrance, which was clearly proven to exist, should be removed from the land purchased by the defendant from the plaintiff; so that the court advised the jury that they might find a conditional verdict in favour of the *plaintiff*, not the defendant; which, from the aspect given to the case by the evidence, was at least as favourable for the plaintiff as he had any right to claim. And it would have been error in the court to have submitted it, as a question of fact, to the jury, to be decided by them, whether the bond in suit was not given exclusively for the payment of the consideration of that half of the lot upon which the charge or encumbrance did not exist. Because there was no evidence given which tended to prove it; and again,

III.— 50

[Roland v. Miller.]

because the articles of agreement between the parties for the purchase of the property showed exclusively, without a tittle of evidence to the contrary, that the bond in suit was to be given for the payment of $650, as a part of the $2725 which was agreed to be paid by the defendant to the plaintiff as a consideration for the whole of the property, and not for any particular portion of it. From the articles of agreement, it is impossible to apply the money mentioned in the bond, which was given in pursuance of the articles, to one part of the lot or property more than to the other, as any portion of the purchase money thereof. It can only be regarded as part of a gross sum that was to be paid as a consideration for the whole lot, which formed the subject of but one entire contract of purchase. The circumstance of the plaintiff's afterwards, when the bond was given, making two deeds of conveyance to the defendant, that is, a separate deed for each half of the lot, in which the whole purchase money is apportioned, by allowing in the one deed $1925, as the consideration for the eastern half, and $800 as the consideration for the western half, does not in the least go to show that the bond was given for the one more than the other. It would seem that the plaintiff held the lot by two different titles, that is, one half of it by one title, and the other half by another title, which most probably prompted the making of the two deeds by him for the same to the defendant. But that had nothing to do with the giving of the bond. The articles of agreement required the bond to be given for the sum mentioned in it, payable likewise as therein stated; and the necessary inference therefore is, that it was given in pursuance and fulfilment of the articles.

In regard to the other exceptions to the charge, there is nothing in them which requires notice, excepting that in which it is assigned for error, that the court charged the jury that the encumbrance or charge, which had been shown to exist on the property purchased, or at least a part of it, was a good defence. It is argued that the court erred in this, because the defendant had taken deeds of conveyance containing a covenant of general warranty, which was sufficient to protect him, if broken, which had not been the case as yet. It is not pretended here that the defendant had any actual knowledge of the encumbrance at the time of his agreement for the purchase, or even at the time that he received the deeds from the plaintiff. Indeed, it would seem from the charge of the court that neither of the parties seemed to have a knowledge of the same until some time afterwards. This being the case, it cannot be supposed that any covenant contained in the deeds was taken or inserted specially with a view to protect the defendant against the effect of it. According, then, to the doctrine laid down and settled in the case of *Steinhauer* v. *Witman*, (1 *Serg. & Rawle* 438, 447), and recognised and followed in several cases since, the encumbrance undoubtedly formed a sufficient

[Roland v. Miller.]

bar in equity to the plaintiff's recovering the amount or any portion of the bond in suit. The doctrine in *Steinhaur* v. *Witman* is that if the consideration money has not been paid, the purchaser, unless it plainly appear that he has agreed to run the risk of the title, may defend himself in an action for the purchase money, by showing that the title was defective, either in whole or in part, whether there was a *covenant of general warranty*, or of right to convey, or quiet enjoyment, by the vendor, or not, and whether the vendor has executed a deed of conveyance for the premises or not.

Judgment affirmed.