## WOLBERT *v.* LUCAS.

A purchaser who has received his deed, and given a mortgage for the purchase-money, may deduct therefrom encumbrances known to him at the time he made the contract.

IN error from the District Court of Philadelphia.

*Feb.* 12. The plaintiff issued a *scire facias* on a mortgage given for the purchase-money of land conveyed by him to defendant, by deed with special warranty. The defendant set up a mortgage given by the former owner of the land. There was clear proof that the purchaser, at the time of her contract, knew of the existence of the mortgage; but the evidence was contradictory, whether she agreed to pay the price, notwithstanding the mortgage.

The court told the jury the only question was, whether the de-

fendant knew of the mortgage at the time she purchased: if she did, she could not deduct payments made by her on that account; there being no fraud or covenants.

*Hirst*, for plaintiff in error.—Encumbrances are always to be deducted from the purchase-money: 16 S. & R. 258, 263; 1 W. 248; 13 S. & R. 168; 1 Raw. 373; 11 S. & R. 238; 7 W. 227. So where there is defect in the title: 5 S. & R. 201; 1 Ib. 438. The onus of showing that the purchaser intended to take the risk, and to pay the encumbrances, lies on the vendor: 3 W. & S. 390; 3 Wh. 599.

*Briklé*, contrà. — The leading case is Lighty *v.* Shorb, 3 Pa. 447, where it is settled, that, after a deed has been given, it is only defects and encumbrances which were unknown to the purchaser, that can be set up as a defence to the action for the purchase-money. This doctrine has been recognised in 5 W. 311; 3 W. & S. 390; 3 Ib. 563.

*Reply.*—Lighty *v.* Shorb was on a defect of title. But there can be no such thing as unknown liens—all are registered, and the purchaser has notice of them. He could never set up, that he did not know of such an objection. In the other cases there was a warranty, and the vendee must look to the security he has chosen to take.

*April* 24. BURNSIDE, J.—This is not like the case of Lighty *v.* Shorb, so much relied on. There the defect was on the face of the title purchased by the defendant, and the maxim of *caveat emptor* entered. Equity could not interfere, because it would have been changing the terms of the bargain. This case is very different. Here Lucas sold one-third of the premises for the consideration of $3,000, the price he asked for the estate, and for which she gave her mortgage.

The plaintiff having read the mortgage, the defendant then gave in evidence her deed, with covenant of special warranty, and then gave in evidence a mortgage, given by a Henry Moliere, a former owner, to the Bank of North America, a portion of which she had to pay, and showed the payment of about $1,667, her proportion of that mortgage. Our law is settled, that in all cases where bonds, mortgages, or single bills are given for land sold, the debtor may give in evidence liens and encumbrances against the grantor or those under whom he claimed, previous to his purchase,

and that whether the clause of warranty in the deed is general or special: Christy *v.* Reynolds, 16 S. & R. 258. This equitable defence has existed at all times in Pennsylvania, and is based on the plainest principles of justice.

A purchaser is allowed to pay off encumbrances: Tod *v.* Beale, 16 S. & R. Ib. 263. So a purchaser may detain for encumbrances: 1 W. 248. The encumbrance, although not paid, is a good defence : 13 S. & R. 165. If she bought the premises for $3,000, and that was the whole consideration, she ought not to pay more than she contracted for; and if there was more to pay than her deed called for, the plaintiff was bound to show it satisfactorily to the jury. The court fell into manifest error when they instructed the jury that the only question was, whether Mrs. Wolbert knew of the existence of the mortgage to the bank, at the time the contract was made and the deed executed. Under the evidence exhibited in the paper-book, she ought to have had the instruction of the court in her favour, and a credit for all the payments made to the bank on their mortgage.

The judgment is reversed, and a *venire de novo* awarded.