## Cross *versus* Noble.

1. A married woman and her husband by articles not acknowledged, agreed to sell her land, part of the purchase-money to be secured by judgment bond, and possession to be delivered at a day named. The deed of the husband and wife with warranty was delivered and the bond given; the vendee could not get possession as stipulated, the premises being under a lease of which he was ignorant. *Held*, that he had a defence against an action on the bond to the extent of his injury, notwithstanding the coverture of the vendor.

2. The vendee was entitled to the rent reserved under the lease, and his receipt of it would not preclude him from setting up failure of title to the extent of his real injury, allowing for what he had received.

3. The vendor's defence was not set-off, which is a cross action, and in which the personal liability of the vendor to damages would have arisen.

4. Had the whole purchase-money been paid, the vendee could not have sustained an action against the vendor either on the article or the deed.

5. In an action to recover the consideration of a sale, the defendant may show that the consideration has failed in whole or in part.

6. Steinhauer *v.* Witman, 1 S. & R. 438, a leading case.

November 15th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Cross v. Noble.]

Error to the Court of Common Pleas of *Butler county:* Of October and November Term 1870, No. 124.

On the 6th of February 1867, a judgment was entered in the Court of Common Pleas of Butler county in favor of Catharine G. Noble, wife of Daniel D. Noble, against John Cross, for $600 on a bond with warrant of attorney. The bond was given for part of the purchase-money of a tract of land belonging to Mrs. Noble.

On the 26th of January 1867, an agreement was made by Mrs. Noble and her husband with the defendant in the judgment, to sell him the land for $2300, of which $1700 were to be paid on the delivery of the deed, and the remainder in six annual instalments of $100, with interest; with the stipulation " that party of the first part shall give party of the second part possession on the 1st of April." The agreement was signed by Mr. and Mrs. Noble, with their seals, but was not acknowledged.

On the 4th of February, a deed for the premises, with general warranty duly acknowledged by Mr. and Mrs. Noble, was delivered to Cross; he paid the purchase-money, and executed and, according to the stipulation of the articles, delivered the bond, being that on which the judgment was entered. It afterwards appeared that the property was under a lease to one Michael Murrin until the 1st of April 1868, and in consequence Cross was not able to get possession until that time.

On the 23d of April 1867, Cross petitioned the Court of Common Pleas, setting out these facts; also that he did not know of the lease until after paying the $1700 and giving the bond for $600, averring that he had sustained damage to the amount of $300, besides $15.55 costs in endeavoring to obtain possession; and praying for a rule to show cause why he should not have credit to that amount on his judgment. A rule was granted according to his prayer, and on its hearing, the court directed an issue on a wager, in which Cross was plaintiff and Mr. and Mrs. Noble defendants, to try " how much damages (Cross) is entitled to recover from (Mrs. Noble) in consequence of the non-delivery of possession of the land * * * the amount thereof to be entered a credit upon the judgment upon the instalments due and to become due annually hereafter."

On the trial, the facts above stated appeared; there was evidence also that Cross had received profits, &c., from the land during the year ending April 1st 1868.

The plaintiff's 2d and 3d points, with their answers, were as follows:—

" 2. The plaintiff cannot recover, because at the time of the execution of the article of agreement and deed Catharine G. Noble was a married woman, living with her husband, Daniel D. Noble." 

" We answer: That if the jury believe Catharine G. Noble,

from the evidence before them, was at the time of the making of the article a married woman with a husband living with her, and he did not join with her in the writing in evidence, we answer in the affirmative."

"3. The article of agreement entered into by Catharine G. Noble with John Cross, in evidence in this case, was void and not binding on her, she being a married woman, and therefore the plaintiff cannot recover."

"We say to the jury, if from the evidence it appears she was and still is a married woman, the article of agreement would not be binding upon her without her consent, and therefore in the issue joined the plaintiff under the evidence (she having interposed her coverture), if believed, is not entitled to recover."

The court charged also :—

* * * "Her contract not being acknowledged before a justice of the peace, or other competent authority, is not binding upon her if she refuses to execute it. If, however, she afterwards executes the contract by the delivery of a deed for the land, her husband joining her, and the same being duly acknowledged and delivered, would pass her title to the land therein described, and the plaintiff would be entitled to the possession according to the terms of the contract of bargain and sale. No question is raised as to the delivery of the deed or the payment of the hand-money. But it is one of possession, the contract providing for the delivery of the possession upon the 1st of April 1867, and the non-delivery thereof at the time, Cross claims the right in equity to have defalked from her claim on said judgment such amount as you may determine he is entitled to. And the question you may decide under the instructions we may give you upon the law arising upon the facts before you.

"The bond provides for the payment of $600 in annual instalments of $100 each, and whatever amount you shall allow would be a credit upon those instalments first falling due.

"It is denied on the part of Catharine G. Noble that she is responsible to Mr. Cross in any way, or to be held liable for any damages claimed by him for the non-delivery of the possession of the land at the time stipulated in the contract; that being a married woman at its date, she is not responsible upon the contract or article because not being joined therein by her husband, and, not being acknowledged before competent authority according to law, the same is not binding upon her, and the plaintiff is not entitled to be allowed any credit upon the judgment. The facts are for you, and if you are satisfied from the evidence that they are as she alleges, we instruct you, as we have already declared, that she is not bound or responsible for damages upon the article of agreement. The law will not hold her responsible when she sets up her coverture. Although perhaps he might be

[Cross v. Noble.]

compelled to comply if she were seeking to enforce the contract, as was formerly understood by the profession. Yet now I doubt whether specific execution of the contract would be enforced against him in her favor."

The verdict was for the defendants.

The plaintiff took a writ of error, and assigned for error the answers to his points, and the portion of the charge given above.

*E. M. Bredin*, for plaintiff in error.—Mrs. Noble in this proceeding is seeking to recover purchase-money; Cross is defending for defect of title. His defence is equitable; and, to the extent he is injured in not obtaining possession, he has the right to reduce the unpaid purchase-money.

*L. Mitchell*, for defendants in error.

The opinion of the court was delivered, January 5th 1871, by

SHARSWOOD, J.—The three assignments of error, grounded upon exceptions to the charge and the answers of the learned judge below to the 2d and 3d points of the defendants, depend upon a single question: Whether, when a deed has been delivered containing no covenants, and the vendee has taken possession, he can defend against an action for the unpaid purchase-money by showing a defect in the vendor's title? It must be conceded that Mrs. Noble being a married woman when she executed the article and the deed, was not personally bound by any covenant contained in either. No action upon them could have been successfully maintained against her. We must strike out of the article the agreement to give possession on the 1st of April, and from the deed the covenant of special warranty. How, then, does the case stand? This is an issue awarded to ascertain the amount due upon a judgment entered upon a bond given for the purchase-money. It is to be considered to all intents as an action upon the bond by Mrs. Noble, the vendor. The existence of a valid lease for one year from the 1st of April 1868, when possession was to have been given, a fact not known at the time of the agreement, was undoubtedly a defect—an incumbrance—reducing the value of the land to the vendee: Dick's Appeal, 7 P. F. Smith 467. What that reduction was, the jury are to settle, under proper instructions from the court. The vendee, as assignee of the reversion, was entitled to the rent reserved to the vendors; and his receipt of it from the tenant would not preclude him from setting up the failure of title to the extent of his real injury, allowing for what he had so received. The defence of the vendee in such a case is not defalcation or set-off. Then, indeed, the question of the personal liability of the vendor to damages would arise. A set-off is a counter claim—a cross action. Had the purchase-money been paid in full, Cross could not have sustained an action against

[Cross v. Noble.]

Mrs. Noble, either upon the article or the deed. Coverture would have been a good plea in bar. If the plaintiffs had brought an action upon another distinct contract against Cross, he could not · have availed himself of the breach of either of these covenants under a plea of payment or set-off. Coverture would have been a good replication. But when a plaintiff—covert or *sui juris*—sues to recover the consideration of a sale, it has always been competent for the defendant to show that such consideration has failed in whole or in part. In the leading case of Steinhauer v. Witman, 1 S. & R. 438, there was only a covenant of special warranty, and the defence set up to the recovery of the purchase-money was eviction under a paramount title not within the terms of the covenant, and therefore the case was the same as if there had been no covenant at all; and Mr. Justice Kennedy, in Roland v. Miller, 3 W. & S. 390, has stated the rule as it has always been understood and acted upon in this state. " The doctrine of Steinhauer v. Witman is, that if the consideration-money has not been paid, the purchaser, unless it plainly appear that he has agreed to run the risk of the title, may defend himself in an action for the purchase-money, by showing that the title was defective, either in whole or in part, whether there was a covenant of general warranty or of right to convey or quiet enjoyment by the vendor, or not; and whether the vendor has executed a deed of conveyance for the premises or not:" Lloyd v. Farrell, 12 Wright 73; Weakland v. Hoffman, 14 Id. 513; Herrod v. Blackburn, 6 P. F. Smith 103; Dankel v. Hunter, 11 Id. 382.

Judgment reversed, and *venire facias de novo* awarded.