## Peck *et al. versus* Jones.

1. An affidavit of defence should aver distinctly every fact necessary to constitute a defence; nothing should be left to inference.

2. When land is sold with general warranty, the opening of a public highway in virtue of eminent domain, is not an eviction which will entitle the vendee to maintain an action for breach of the covenant.

3. A defect or encumbrance not known to the vendee when he accepts the deed, is a defence to a bond for purchase-money, although there be a general warranty.

4. Knowledge or ignorance of an encumbrance, or of a defect not appearing on the face of the title, is immaterial.

5. In an action on an agreement of sale, the vendee cannot defalk from the purchase-money on account of a public road upon land which the owner covenanted to sell and convey.

6. Peterson *v.* Arthurs, 9 Watts 152, adopted.

November 4th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county:* Of October and November Term 1871, No. 27.

This was a scire facias *sur* mortgage, issued July 8th 1870 by Thomas Jones against John Peck and others.

The mortgage was dated June 1st 1866, to secure the payment of $1000, part of the purchase-money of a lot of 5½ acres of land purchased from the plaintiff by the defendants. The defendants filed an affidavit of defence, viz. :—

" The defendants purchased the grounds covered by said mortgage, from plaintiff for the purposes of a cemetery, and made that fact known to plaintiff. Plaintiff made to defendants a general warranty deed for said lands, bearing the same date as said mortgage, and defendants gave said mortgage for the unpaid purchase-money. Defendants then procured a charter of incorporation at November Term, Court of Common Pleas of said county, and, in pursuance of their original purpose, and as a corporation, have sold lots for burial purposes, and such lots have been since used for said purpose. Within a short time past, defendants learned that a street, called Bedford avenue, had been laid out, over said grounds, in 1840, and they, defendants, have received notice from the city engineer, that the city of Pittsburg, within whose territory said cemetery grounds are situated (being formerly in Pitt

township, but, since consolidation, in the city), is about to open said Bedford avenue, over and through said cemetery grounds, and is taking steps toward doing so, having served notice, &c., of such intention upon defendants. Defendants say, that the opening of said Bedford avenue over their grounds would destroy them for cemetery purposes, and they are advised, and believe that said Bedford avenue was and is an easement and encumbrance, against which the said general warranty deed of plaintiff provided. And they say that if said street should be opened over their grounds, that the damage and injury they would thereby sustain would and will greatly exceed the amount claimed in this suit; and further say not."

The court entered judgment against the defendants for $1146.24 for want of a sufficient affidavit of defence.

The defendants took out a writ of error, and assigned for error the entering of the judgment.

*T. M. Bayne* (with whom was *A. M. Brown*), for plaintiffs in error, cited Kellogg *v.* Ingersoll, 2 Mass. 97 ; Rawle on Cov. for Title 118 ; Patterson *v.* Arthurs, 9 Watts 152 ; Dobbins *v.* Brown, 2 Jones 75.

*C. C. Taylor* (with whom was *E. P. Jones*), for defendants in error, cited Wilson *v.* Cochran, 10 Wright 229 ; Rawle on Cov. for Title 83 ; Knepper *v.* Kurtz, 8 P. F. Smith 480 ; Kincaid's Appeal, 16 Id. 411 ; Furman St., 17 Wend. 649 ; Philips *v.* Scott, 2 Watts 318.

The opinion of the court was delivered, November 8th 1871, by

SHARSWOOD, J.—An affidavit of defence, which is required by law or rule of court, to set out the nature and character of the same, ought to aver distinctly either upon knowledge or information and belief, every fact necessary to constitute a defence. Nothing should be left to mere inference. The affidavit in this case does not for this reason sustain the contention of the plaintiffs in error. It does not allege that the plaintiff below knew at the time of the contract of sale of the lot, the fact that Bedford avenue as laid out in the recorded general plan of the district, passed over it, or that he concealed that fact from the defendants. There is no greater presumption that he knew it than that they knew it. The record in the public office was open to the inspection of all who might have an interest in it. Indeed the affidavit does not allege except inferentially that the defendants were ignorant of it. They say merely that within a short time past they have learned the fact, but that might well be though they were told it at the time. That they were not informed of it before is a mere inference. There is then absolutely nothing upon which to base the argument

[Peck v. Jones.]

drawn from the intentional concealment by the vendor of a material fact from ignorant vendees.

We have then the bare case of a sale of a lot of ground in a district, of which there is a public recorded plan, accessible to everybody, upon which a street is laid out but not yet opened, which will pass over the lot. That the actual opening of a public street or highway in virtue of the eminent domain of the state, would not be such an eviction as to entitle the vendee to maintain an action for the breach of his covenant of general warranty, is conclusively settled by the judgment of this court in Dobbins v. Brown, 2 Jones 75. On what principle then can it be a good defence to an action for the purchase-money? In England, after the execution of the conveyance, the purchaser, in case of a defect of title subsequently coming to light, is thrown exclusively upon his covenants, and cannot detain any part of the purchase-money to compensate it. Of course on his covenants of general or special warranty he has no remedy until an actual eviction; which is one reason why the covenant that the grantor is seised in fee simple clear of encumbrances, is generally used in that country. But in Pennsylvania nothing is better settled than that a defect or encumbrance upon land not known to the vendee when he accepted the conveyance of it, may be set up as a defence to the payment of a bond given for the purchase-money, although the deed contains a covenant of general warranty: Roland v. Miller, 3 W. & S. 390. Indeed it was afterwards held in Wolbert v. Lucas, 10 Barr 73, that a purchaser who has received his deed, and given a mortgage for the purchase-money, may deduct therefrom encumbrances known to him at the time he made the contract—the previous case of Lighty v. Shorb, 3 Penna. 447, which was supposed to establish a different doctrine, being confined, as was said in Wolbert v. Lucas, to defects appearing on the face of the title. Knowledge or ignorance of an encumbrance or a defect not appearing on the face of the title, is therefore now immaterial. The case of Patterson v. Arthurs, 9 Watts 152, then expressly decides that a public road upon lots of ground which the owner had covenanted to sell and convey, is not such an encumbrance as will entitle the vendee to defalk from the amount of the purchase-money, in an action of covenant upon the agreement of sale.

It may be true, as Mr. Justice Kennedy, who was perhaps rather fond of obiter dicta, says in that case, " that if a person purchase land, without having seen it, upon the representation of the vendor, where its value is materially lessened by a public highway being located upon it, which circumstance is concealed or not made known by the seller to the purchaser, the latter might obtain redress by an action on the case in the nature of a deceit, or in an action brought against him for the purchase-money, might have compensation made by a deduction therefrom. But it will lie

[Peck *v.* Jones.]

upon him, before he can claim compensation on such account, to remove, by the proof of circumstances at least, the presumption that he knew of the existence of the highway at the time he bought, and that the seller concealed it from or did not disclose it to him." But as we have seen, there is nothing appearing on the face of the affidavit of defence in this case to raise the question thus mooted by Mr. Justice Kennedy.

Judgment affirmed.