Decree affirmed and appeal dismissed at the cost of the appellant.

## Appeal of Wilson.

1. If a vendee of land, with knowledge of the existence of an incumbrance (in this case, an outstanding lease), accept a deed for the land and give his bond for the purchase money, the continued existence of such incumbrance is no defence to an action on the bond. It is a good defence, however, that he had no knowledge of the existence of such incumbrance, and it is immaterial that he gave his bond and accepted the deed for the property before the day on which the agreement of sale stipulated that possession and the deed should be delivered and the bond given.

2. Where, in such case, the vendee sued upon the bond and obtained judgment on the accompanying warrant of attorney, the court may open the judgment and let defendant into a defence, even though the evidence as to the vendee's knowledge of the incumbrance be conflicting.

April 20th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

APPEAL from the Court of Common Pleas of *Montgomery county* : Of January Term 1884, No. 389.

This was an appeal by William Wilson from a decree of the said court refusing to open a certain judgment, wherein Elias Kirk was plaintiff and the said Wilson defendant, and let the latter into a defence.

The facts of the case, as set forth in the depositions taken sur rule to show cause why the said judgment should not be opened, &c., were as follows :

On March 1st, 1883, Elias Kirk, by articles of agreement sold to William Wilson seven acres of land in Montgomery county, which in part were used as a coal yard, for fifteen thousand dollars. The articles stipulated that one thousand dollars were to be paid at the execution of the agreement, four thousand dollars on or before April 1st, 1883, " when possession and a title is given," and the balance to remain on a mortgage. At the time of the agreement, one Kline Van Winkle was in possession of the portion of the property used as a coal yard under a lease which expired April 1st, 1883, but which had been renewed for one year. Wilson's depositions set forth that when the agreement was signed, Wilson said to Kirk, " Mr. Kirk, I hear that Kline Van Winkle has

this place rented from you.  Now how is this?  Can you give me possession April 1st?" and that Kirk replied, "I've rented to him, provided I don't sell," and further promised Wilson possession at the date agreed upon.  That upon this understanding Wilson signed the agreement, and paid the $1,000, and that on March 26th, 1883, at Kirk's request, and as an accommodation to him he paid the second instalment of $4,000, gave the mortgage and bond for the balance agreed upon to Kirk, and received from him a deed for the property.  That on attempting to take possession of the coal yard on April 1st, 1883, Wilson ascertained for the first time of the said renewal of Van Winkle's lease, and was unable to obtain possession until its expiration ;  Kirk's deposition set forth, however, that Wilson had received full notice of the said renewal before the signing of the agreement, and had voluntarily paid the money on March 26th, 1883, and received his deed for the property.  Wilson on failing to receive possession of the coal yard refused to pay the interest on the bond and mortgage for balance of purchase money, and thereupon Kirk entered this judgment under the warrant of attorney accompanying said bond and mortgage against Wilson.  Thereupon this rule was taken by Wilson to open the judgment and let him into a defence.

The court (BOYER, P. J.) discharged the rule, holding, in an opinion filed, that in accepting the deed and giving his bond and mortgage prior to April 1st, Wilson waived his right to possession under the written articles, and that for this reason and in view of the conflicting character of the testimony the court would leave him to his action at law for damages, if any he had.

Thereupon Wilson took this appeal, assigning for error the discharge of his rule.

*N. H. Larzelere* (with him *H. K. Weand*), for the appellant.

*B. E. Chain*, for the appellee.

Mr. Justice CLARK delivered the opinion of the court, October 5th, 1885.

It is clear that William Wilson, under his agreement to purchase the property of Elias Kirk, was entitled to the possession before or at the time of the payment of the instalment of $4,000, on the 1st April, 1883 ; and, unless that right was in some way waived by Wilson, he could stand upon it as a condition of his contract.  It is equally clear that the existence

of a valid and unconditional lease to Van Winkle for one year from the 1st April, 1883, the day upon which possession was to have been given by Kirk to Wilson, was an incumbrance or a defect, reducing the value of the land to the vendee: Dech's Appeal, 7 P. F. S., 467; Cross v. Noble, 17 Id., 74.

The learned court below was of opinion, however, that under the law the defendant's right was waived by the acceptance of the deed and the payment of the instalment in advance of the day designated in the contract for that purpose and for delivery of possession. We cannot see how the case can be affected by the mere fact of a payment of the purchase money and an acceptance of the deed in advance. If the contract had been for the payment of the money and delivery of the deed on the 26th March, 1883, and for possession on the 1st April following, the case presented would not, in our opinion, be in any respect different in principle.

The defendant alleges that he had no knowledge of an absolute lease at the time of the acceptance of the deed; that Kirk had told him the lease to Van Winkle was conditional, and was to be inoperative in case of a sale of the property; that although Van Winkle and others told him the lease was absolute in form and effect, Kirk assured him it was not, and that there would be no difficulty about the possession. The evidence on this subject is certainly very conflicting, but if the defendant's version of the matter is the correct one, he has some cause of complaint. Kirk was the party with whom Wilson contracted; it was Kirk's duty to deliver the possession, and whether he had put that possession out of his power was a fact peculiarly within his knowledge. Wilson was not only justified in believing, but he was bound to believe Kirk's statement as to this; and Kirk is in no situation now to say that Wilson should have discarded his statements as false, to accept any other. Assuming that Van Winkle's claim put Wilson upon inquiry, yet inquiry of Kirk, where inquiry was most proper to be made, only proved Van Winkle's claim to be worthless. The deed which was delivered has not been printed; whether it contains any covenant of warranty, general or special, does not appear, and in our view of the case this is perhaps not important.

A vendee may defend on the ground of the existence of an incumbrance unknown to him when he accepted a deed, though it contain a general warranty: Steinhauer v. Witman, 1 S. & R., 438; Roland v. Miller, 3 W. & S., 390. In the case last cited Mr. Justice KENNEDY states the rule as follows: "The doctrine of Steinhauer v. Witman is, that if the consideration money has not been paid, the purchaser, unless it

plainly appear that he has agreed to run the risk of the title, may defend himself in an action for the purchase money, by showing that the title was defective, either in whole or in part, whether there was a covenant of general warranty or of right to convey or quiet enjoyment by the vendor or not; and whether the vendor has executed a deed of conveyance for the premises or not:" Lloyd v. Farrell, 12 Wright, 73; Weakland v. Hoffman, 14 Id., 513; Herrod v. Blackburn, 6 P. F. S., 103; Dankel v. Hunter, 11 Id., 382. So a grantee, with warranty, may defend an action for purchase money on the ground of an outstanding lease, of which he had no notice: Cross v. Noble, 67 Pa. St., 74.

The defence set up here is an equitable one, arising out of the same contract and transaction upon which the plaintiff's judgment was obtained; if sustained by the proof it affects the consideration of the bond, and is competent to defeat it; for, if the consideration fail, in whole or in part, the plaintiff's right to recover must also fail pro tanto: Patterson v. Hulings, 10 Barr, 506; Blessing v. Miller, 6 Out., 45.

If, however, the facts are not as contended by the defendant, if he was not only notified by Van Winkle, but by Kirk himself, that the property had been leased to Van Winkle absolutely for another year, and if, with this knowledge he accepted the deed, a different rule would apply.

For if a vendee, with knowledge of the existence of an incumbrance or of a defect in the title, accept a deed with a warranty against it, and gives his bond for the purchase money, the continued existence of such incumbrance or defect is no defence to an action on the bond: Fuhrman v. Loudon, 13 S. & R., 386; Wilson v. Cochran, 48 Pa. St., 107. Or, if a vendee purchase with knowledge of a defect of title, and take no covenant against it, he cannot set it up as a defence in an action for the purchase money: Cadwalader v. Tryon, 37 Pa. St., 318. In the one case the vendee chooses to rest upon his covenant, and in the other he agrees to run the risk of the title. The case wholly depends, therefore, upon the proper determination of the question of fact, whether or not the deed was accepted upon the faith of Kirk's statement, that the lease was conditional only, and that it was to have no effect in the event of a sale. If it plainly appeared that Wilson knew of the absolute character of the lease to Van Winkle, and accepted the deed without objection on that ground, he would be presumed to have waived the delivery of the possession, as stipulated in the agreement. Upon this question of fact the testimony is contradictory and conflicting. The learned court below did not pass upon it, and we do not desire to dis-

13 OUTERBRIDGE—39

cuss it; it would perhaps be improper for us to do so. We think the cause should have been submitted to the jury.

The decree of the Common Pleas is therefore reversed; the rule is made absolute; the judgment opened and the defendant let into a defence; the appellee to pay the costs of this appeal.