# Walton, Exr., *v.* American Surety Company of New York, Appellant.

*Principal and surety—Bond—Duress—Affidavit of defense—Conclusion of law.*

1. In an action by an executor against a surety company on a bond signed by the company and an individual, where it appears that the obligation was to pay a debt of a third person to the plaintiff's decedent, an affidavit of defense is insufficient, which avers that the bond was not given for value, and that neither of the obligors were indebted to plaintiff or his decedent, that the bond was given to prevent the issuing of a warrant against the debtor referred to in the bond, who was president of a company of which the individual obligee was a director, that such arrest would have resulted in great loss to such obligee, and that the bond was obtained by means of false statements and threats made by plaintiff's counsel to the obligee, without any averments that such representations or threats were made to the defendant, the surety company, or that the debt referred to in the bond was not due, or that the debtor had been notified before the execution of the bond, or excuse given for not notifying him.

2. An averment in the affidavit of defense that "there was no criminal liability" on the part of the debtor mentioned in the bond, is a mere conclusion of law.

3. In such a case, where it appears from the affidavit of defense that the surety company knew of the alleged threats, before it executed the bond, it cannot set up the defense of duress.

4. A defense of duress is open only to the party upon whom it is imposed; a third party, who has become a surety for the payment of

the claim, cannot avail himself of the plea, unless he signed the obligation without knowledge of the duress.

Argued March 5, 1919. Appeal, No. 113, Jan. T., 1919, by defendant, from order of C. P. No. 5, Philadelphia Co., March T., 1918, No. 4109, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles Walton, Executor of Joseph W. Janney, deceased, v. American Surety Company of New York. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Assumpsit on a bond. Before MARTIN, P. J.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Arthur S. Minster,* with him *Ira Jewell Williams,* for appellant, cited: Lehigh Coal & Nav. Co. v. Brown, 100 Pa. 338; Ortt v. Schwartz, 62 Pa. Superior Ct. 70.

*Sidney E. Smith,* for appellee, cited: Moyer v. Dodson, 212 Pa. 344; Phillips to use v. Henry, 160 Pa. 24.

OPINION BY MR. JUSTICE MOSCHZISKER, March 24, 1919:

Plaintiff, as executor of Joseph W. Janney, deceased, sued the American Surety Company of New York, on a bond under seal, and recovered judgment for want of a sufficient affidavit of defense; defendant has appealed.

The bond in suit, dated August 31, 1917, executed by the surety company and James M. Hamilton, after reciting "there appear upon the books of Joseph W. Janney, deceased, certain items of indebtedness and liability of one W. E. Walker to said Joseph W. Janney, and ......the obligors have obligated themselves to pay the amount of this indebtedness," states it is conditioned

that, if the obligors, or either of them, pay or cause to be paid to the obligee, on or before December 30, 1917, $4,500, the obligation shall be void, otherwise to remain in full force and effect.

The affidavit of defense, while admitting execution of the bond, denies "the same was for value," or that either Hamilton or the surety company were, at the time of its execution, indebted to plaintiff or his decedent; this, however, is entirely unavailing as a defense, for the suit is not based on an original indebtedness of either Hamilton or defendant, but upon the written obligation of the latter, under seal, to pay the debt of Walker.

The affidavit further avers that Walker was president and Hamilton a stockholder and director of the Bankers' Oil Company, a corporation, operating oil wells in Kansas and Oklahoma, with a main office in Philadelphia, and that the duties of the former required his presence in these western oil fields, "attending to the actual business of producing, selling and delivering oil, during the performance of which duties he was frequently absent from Philadelphia and beyond the reach of mail or telegraph communication"; but there is no averment that Walker was absent from Philadelphia when the bond in suit was executed, or during the negotiations which resulted in the delivery thereof.

The defense really depended upon is thus alleged: In August, 1917, Hamilton, together with another director of the oil company, and its attorney, called at the office of plaintiff's counsel, in Philadelphia, when the latter made threats to issue a warrant for the arrest of Walker, on charges of obtaining money under false pretenses from the decedent, Janney, saying that, upon the issuance of such warrant, application would be made to have Walker extradited from the western states, where he was performing his duties as president of the oil company, and put in prison. Defendant avers that, at this time, plaintiff's counsel stated the books of Janney showed Walker indebted to him in the sum of about $4,200, the

truthfulness of which statement Hamilton had no means of testing, since an inspection of such books, though requested, was refused; that plaintiff's counsel accompanied his threat to arrest Walker by a suggestion that, if Hamilton would give his bond with surety thereon to plaintiff, conditioned to pay the estate of Janney the amount of the alleged indebtedness of Walker, no criminal proceedings would be taken against the latter; that, relying upon these representations, Hamilton gave the bond upon which this suit is brought, and obtained execution thereof by the surety company.

If apprehension was created in the mind of Hamilton by the prospect of criminal proceedings involving Walker, which might affect the Bankers' Oil Company, it is not asserted any statements or threats were made to defendant (who, incidentally, had no interest in Walker or the oil company), or that plaintiff had authorized, or even knew of, the alleged threat to arrest Walker.

The affidavit does not deny that Walker was indebted to the Janney estate; it merely states that, "subsequent to the execution of said bond, Hamilton communicated with Walker, and was informed that not only was there no indebtedness due by him to the estate of Joseph W. Janney, deceased, but that, on the contrary, Janney's estate was indebted to him, the said Walker." No reason is given for failure to communicate with Walker before the bond was executed; nor is it averred that he was absent from the city at the time, or that the urgency was such as to require instant action.

The affidavit also alleges that, "subsequent to the execution of said bond," Hamilton further ascertained that statements made by plaintiff's counsel with regard to the entries in the books of Joseph W. Janney, deceased, "were false and untrue"; but it fails to aver in what respect the statements were false or untrue.

The assertion in the affidavit that "there was no criminal liability on the part of Walker" is a mere conclusion of law; while the allegation that defendant was

led to execute the bond in suit through misrepresentation and fraudulent threats of plaintiff's counsel, is unsupported by any statements of fact, since no representations or threats are averred as made to defendant.

Even if the circumstances leading to the execution of the bond amount to duress, in the legal sense of that term (which we are by no means convinced they do), then, if such is the defense, the affidavit indicates that, when the surety company entered into the obligation in suit, it had knowledge of the alleged duress. In this connection we recently said, "the general rule undoubtedly is that the defense of duress is open only to the party upon whom it is imposed, and a third party who has become a surety for the payment of the claim cannot avail himself of the plea, unless he signed the obligation without knowledge of the duress" (Fountain v. Bigham, 235 Pa. 35, 47); and the application of this principle is a complete answer to any possible plea of that character on the part of defendant.

If the defense intended to be set up is deception as to the existence of indebtedness by Walker, there is no sufficient averment of such deception, as already indicated; in other words, there is no unequivocal allegation in the affidavit that, as a matter of fact, Walker does not owe the debt alleged against him.

In brief, the defense averred shows a controversy arising over a claim between two persons into which an apparent stranger enters, because of the anticipation of some consequential financial damage to himself, and, for what he conceives to be his own benefit, at the suggestion (not demand, for there is no averment of demand) of counsel for the claimant, agrees to assume a personal liability, also to obtain another to act as surety, which is accomplished by the execution and delivery of a bond under seal, being the obligation sued on; we agree with the court below that the affidavit does not indicate the existence of either a meritorious or legal defense to this bond.

A supplemental affidavit of defense was filed; but, as said in the opinion of President Judge MARTIN, it is "as evasive as and no more specific than, the original." Again, quoting from the opinion just referred to, "the affidavits fail to aver distinctly every fact necessary to constitute a defense and to leave nothing to inference," requirements which the court below had the right to insist upon: Peck v. Jones, 70 Pa. 83.

The judgment is affirmed.