## Hannan, Appellant, *v.* Carroll.

*Vendor and vendee—Contract — Unknown encumbrances — Assumption of risk—Presumption—Equity—Demurrer—Specific performance—Tender.*

1. Where a defect or encumbrance is unknown to a purchaser at the time he accepts a deed, the burden is on the vendor to show that his vendee agreed to assume the risk thereof, and, in the absence of such proof, the vendee may deduct the amount of such encumbrance from unpaid purchase money; and this is true though the deed contains a covenant of general warranty.

2. If the encumbrance is removed by the vendor after suit brought on the bond of the purchaser, from that time it ceases to be a defense to the action.

3. If a purchaser, knowing of an encumbrance not only fails to take a covenant but also gives his bond or other collateral obligation for the payment of the purchase money, the presumption is, he agreed to assume the risks involved, and such vendee cannot detain any portion of the purchase money, unless he produces additional evidence showing it to have been the mutual agreement of the parties that he was not to be burdened with existing encumbrances.

4. Where the vendor contends the vendee must pay, either directly or indirectly, more than the named consideration money, the vendor is bound to show it to the satisfaction of the jury.

5. Where the vendee has not given any additional obligation for the purchase money, his mere failure to obtain a covenant against a known encumbrance is not to be regarded as prima facie evidence of the purchaser's consent to assume the burden of encumbrances; the vendor must show something further.

6. A vendee in articles, without a covenant against encumbrances, will not be assumed to have had knowledge of encumbrances, merely because they were matters of record, where there is nothing to show that he had actual knowledge of them.

7. On a bill in equity by a vendee for specific performance of a contract of sale of real estate, where the vendee has no knowledge of encumbrances, and there is no covenant against them in the contract, it is reversible error for the court to sustain a demurrer and dismiss the bill, because the vendee failed to require a covenant for payment of encumbrances and tendered the purchase money less the amount of the encumbrances.

8. In such a case, all the facts should be brought forth and passed upon as to the knowledge, agreement and intention of the parties in connection with encumbrances, before a final determination is reached.

9. Where the vendee in a bill in equity for specific performance alleges that, when he expressed a desire to settle for the purchase of the property, the vendor refused to accept any sum of money and entirely declined to carry out the contract, the vendor on demurrer can raise no question as to the adequacy of the tender, or failure to produce the required money.

Argued February 12, 1923. Appeal, No. 85, Jan. T., 1923, by plaintiff, from decree of C. P. Schuylkill Co., May T., 1922, No. 3, dismissing bill in equity on demurrer, in case of Michael F. Hannan v. George J. Carroll. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Reversed.

Bill for specific performance. Before BERGER, J.
The opinion of the Supreme Court states the facts.
Bill dismissed on demurrer. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*John O. Ulrich,* with him *Frank P. Krebs* and *Roscoe R. Koch,* for appellant.—The demurrer cannot be sustained: Engle v. Locomotive Engineers, 66 Pa. Superior Ct. 356; Dilworth Coal Co. v. Kidney, 43 Pa. Superior Ct. 625; Getty v. Institution, 194 Pa. 571; Bussier v. Weekey, 4 Pa. Superior Ct. 69; Kurtz v. R. R., 187 Pa. 59; Bitting's App., 105 Pa. 517; Schuler v. Schuler, 39 Pa. Superior Ct. 635.

Failure of defendant to deliver his deed relieves plaintiff from further offer to perform: Wilson v. Buchanan, 170 Pa. 14; Plymouth Mfg. Co.'s App., 81* Pa. 147; Stratford v. Lukens, 52 Pa. Superior Ct. 355; Newell's App., 100 Pa. 513; Knerr v. Bradley, 105 Pa. 190.

The bill contains all allegations required to compel specific performance: Harrigan's App., 1 Monaghan 450; Wesley v. Eells, 177 U. S. 372; Riesz's App., 73 Pa. 485; Burk's App., 75 Pa. 141; Kutz's Est., 259 Pa. 548.

Plaintiff is entitled to credit for all liens and encumbrances against the premises: Wilson's App., 109 Pa. 606.

*R. J. Graeff,* with him *George Ellis* and *Jno. F. Whalen,* for appellee.—If the vendee knows of a defect in the title to land which he is about to purchase and does so without requiring a covenant against it, he cannot, in absence of fraud on part of vendor, withhold any portion of the purchase money on account of this defect. The presumption is that he was compensated for this risk by the advantage of his bargain: Cadwalader v. Tryon, 37 Pa. 318; Wilson's App., 109 Pa. 606, 609; Lazarus v. Coal Co., 246 Pa. 178, 185; Markley v. Godfrey, 254 Pa. 99, 107.

Equity will not enforce a contract unless it is complete and certain in all its essential terms: Zimmerman v. Rhoads, 226 Pa. 174.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 19, 1923:

Plaintiff prayed specific performance of a contract to sell him a certain piece of real estate, on the exercise of an option, "at any time within......five years,......for $23,000, less $2,500 [already] paid defendant." The bill avers plaintiff notified defendant, within the required time, of a desire to exercise the option and that he was ready and willing to pay the "balance of purchase money [due on the real estate,] less the liens and charges against the same," but defendant refused to accept "any sum of money" from plaintiff and refused to perform his, the vendor's, part of the agreement. The bill then avers there are of record a mortgage and judgment aggregating $13,600, and also some tax claims, making the total liens against the property $14,138.02, and that plaintiff is prepared to pay the purchase money less these charges.

A demurrer was filed on seven grounds, all bad in form, because too general or as speaking demurrers, except, possibly, the fifth, which states, "plaintiff has failed to aver......he tendered to defendant the purchase money stated in the bill and agreement attached thereto, marked 'Exhibit A,'" and the seventh, which asserts plaintiff has an adequate remedy at law. The demurrer was sustained.

Assuming the fifth reason for demurrer to be good in form, we have before us the question, Did the court below err in sustaining it and dismissing plaintiff's bill on the ground that he was bound to take the property subject to the liens and pay the full purchase price mentioned in the contract?

In support of its position the court below cites four authorities, none of which, on the facts involved, holds anything conclusive of the present appeal. The discursive language in these and other cases upon the general subject now before us has lent such confusion to the relevant rules of law that we deem it wise to restate them; for, as we shall remit this record under an order

which will probably lead to a trial of the case, it cannot now be told what facts may then develop.

The primary inquiry in this class of cases, where the question arises as to whether or not a purchaser must take subject to an unmentioned encumbrance or defect in title, is (as stated in Steinhauer v. Witman, 1 S. & R. 437, 446) "What was the true meaning of the contracting parties? Was it contemplated, mutually, that the purchaser should hold the land under a good right, or that he should run his chances of getting a title, and be exposed to all hazards?" See also Smith v. Sillyman, 3 Wharton 588, 600.

Where a defect or encumbrance is *unknown* to a purchaser at the time he accepts a deed, the burden is on the vendor to show his vendee agreed to assume the risk thereof, and, in the absence of such proof, the vendee may deduct the amount of such encumbrance from unpaid purchase money (Christy v. Reynolds, 16 S. & R. 258); this is true though the deed contains a covenant of general warranty: Roland v. Miller, 3 W. & S. 390, 394; Peck v. Jones, 70 Pa. 83, 85. Of course, if the encumbrance is removed by the vendor after suit brought on the bond of the purchaser, from that time it ceases to be a defense to the action: Withers v. Atkinson, 1 Watts 236, 248.

Some obscurity appears in the authorities, however, when we consider the rules that govern where, in the absence of fraud, accident or mistake, a defect of title or existing encumbrance, *known* to the vendee, is not mentioned in the agreement of sale. In such case, it is clear that, if the purchaser procures a warranty covering the encumbrance and thereupon gives his bond or other additional obligation for the purchase money, in a suit on such bond or obligation, ordinarily he will not be permitted to detain any portion of the purchase money as further security (Fuhrman v. Loudon, 13 S. & R. 386; Lighty v. Shorb, 3 P. & W. 447; Wilson v. Cochran, 48 Pa. 107); but in these cases there is some question as to

whether or not a vendee may deduct for known defects of title or encumbrances against which he has obtained no covenant. It may be regarded as settled that, if a purchaser, knowing of an encumbrance, not only fails to take a covenant, but also gives his bond or other collateral obligation for payment of the purchase money, then it can properly be inferred, and the presumption is, he agreed to assume the risks involved; and such a vendee cannot detain any portion of the purchase money (Lighty v. Shorb, 3 P. & W. 447, 452; Cadwalader v. Tryon, 37 Pa. 318; Wilson's App., 109 Pa. 606; Lazarus v. Lehigh & W.-B. Coal Co., 246 Pa. 178) unless he produce additional evidence showing it to have been the mutual agreement of the parties that he was not to be burdened with existing encumbrances: Wolbert v. Lucas, 10 Pa. 73.

The case just mentioned, Wolbert v. Lucas, would indicate by its syllabus that, under any and all circumstances, "a purchaser who has received his deed, and given a mortgage for the purchase money, may deduct therefrom encumbrances [even if] known to him at the time he made the contract"; but this broad statement is not in entire accord with our prior or subsequent decisions, and the explanation of the case lies in the reference, on page 75 of the report, to "the evidence exhibited in the paper-book," which the court no doubt construed as showing a prima facie right in the vendee to deduct the encumbrance there in question. This case does lay it down broadly, however, that in such a controversy as the one now before us, where the vendor contends the vendee must pay, either directly or indirectly, more than the named consideration money, he, the vendor, is "bound to show it to the satisfaction of the jury"; in other words, the burden of proof is on him: see also Tod v. Gallagher, 16 S. & R. 260, 263; Roland v. Miller, 3 W. & S. 390, 395.

The present defendant maintains, and the court below held, that the last three of the decisions in the parenthesis next above are conclusive of the controversy before

us; but with this we cannot agree, for there is no evidence in the instant case that plaintiff, as vendee, ever gave any additional obligation for the purchase money; and, until he does so, mere failure to obtain a covenant against a known encumbrance is not to be regarded as prima facie evidence of the purchaser's consent to assume that burden,—the vendor must show something further: see Markley v. Godfrey, 254 Pa. 99, 107.

The case last mentioned (together with some of those before cited) was relied on by defendant to sustain his position; but, in so far as it has any bearing on the question before us, it supports a contrary conclusion. There, the vendor agreed in the sale to repurchase at a certain price, within one year, at the option of the vendee; then, on the exercise of the option, the vendor contended that his vendee should convey the property freed of a mortgage which he, the vendor, had placed on it before the original sale. Under these circumstances, in affirming, per curiam, the judgment of the court below, we held that "a covenant for the removal of the encumbrance......cannot be written into the agreement as a condition of the repurchase provided for by it"; that is to say, the original sale of the property without a covenant regarding a known, but unmentioned, encumbrance, did not serve, in the absence of any collateral obligation given by the original vendee for the purchase money, to relieve the original vendor of his responsibility for payment of such encumbrance.

It may likewise be noted, in connection with the four authorities relied on by appellant and cited by the court below, that in each of them the existence of the defect or encumbrance was known to the vendee when he made his purchase; whereas here, the liens in question were unknown, so far as the record before us indicates, and the court below erred in assuming plaintiff bought with knowledge of them merely because they were matters of record,—this, on the facts here disclosed, was not of itself sufficient to fix the vendee with the kind of knowledge

required: Murphy v. Richardson, 28 Pa. 288, 293; Roland v. Miller, 3 W. & S. 390, 394.

In view of the principles stated (reference to which, with additional authorities, may be found in 27 R. C. L. 480, 481), the learned court below erred in deciding, as matter of law, that plaintiff, having failed to require a covenant for the payment by defendant of the present encumbrances, must bear the burden thereof himself. This is a case where all the facts should be brought forth and passed on, in the light of the principles to which we have referred, before a final determination is reached. If it develops there was an agreement between the parties that the vendee was to buy subject to liens or encumbrances, or take the risk of them, then, of course, his present tender would not be good. If, on the other hand, it should appear that the sale was clear of encumbrances, or that plaintiff had no knowledge of them and nothing was said about them, he would be entitled to specific performance of the contract; and this would be the case also even though he knew of the encumbrances, unless additional evidence indicates that, on the exercise of his option of purchase, he, and not defendant, was to assume liability for them: cases cited, supra.

Finally, on the present record, no question arises as to the adequacy of the tender, or the failure to produce the required money, since plaintiff alleges that, when he expressed a desire to settle for the purchase of the property, defendant "refused to accept any sum of money," and entirely declined to carry out the contract: see Shrut v. Huselton, 272 Pa. 113, 116.

The order appealed from is reversed and the bill is reinstated, with leave to defendant to answer; defendant to pay costs of appeal.