# Latta, Appellant, *v.* Hax.

*Equity—Specific performance—Vendor and vendee—Damages.*

A decree of specific performance will not be made against a vendor when the circumstances would make it unconscionable to enforce the contract.

It is only when the vendor's inability to convey was unknown at the time of filing a bill for specific performance that the court will retain the bill for the purpose of assessing damages.

On a bill in equity for specific performance it appeared that the land in question had been mortgaged to a building and loan association. After the charter of the association had expired the mortgage was foreclosed in the name of the association, and the land bought in by the association at a sheriff's sale. Subsequently the defendant's grantor took title by deed executed by the last elected officers of the association. The purchase money was properly applied by the officers. The plaintiff objected to the title on the ground that the foreclosure had been after the expiration of the charter, and the sale did not divest title in the mortgagor. The defendant then procured from the mortgagor a quitclaim deed, and tendered it to the plaintiff. The plaintiff further objected that the mortgage had not been divested, and the bill was filed to require the satisfaction of the mortgage. *Held,* that the bill was properly dismissed.

Argued Oct. 31, 1907.    Appeal, No. 81, Oct. T., 1907, by plaintiff, from decree of C. P. No. 1, Allegheny Co., Dec. T.,

1906, No. 5, dismissing bill in equity in case of William Latta v. C. C. Hax.   Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ.   Affirmed.

Bill in equity for specific performance.
The opinion of the Supreme Court states the case.

*Error assigned* was decree of the court.

*Wm. C. Boyd*, with him *M. H. Stevenson*, for appellant.— Where a vendor's title is incumbered, the vendee is entitled to withhold the purchase money until the lien is removed : Winton's Appeal, 97 Pa. 385 ; Burk's Appeal, 75 Pa. 141 ; Stoddart v. Smith, 5 Binn. 355 ; Gans v. Renshaw, 2 Pa. 34 ; Schoonover v. Ralston, 25 Pa. Superior Ct. 375 ; Dalzell v. Crawford, 1 Pars. Eq. Cases, 37 ; Stephens v. Black, 77 Pa. 138.

The foreclosure did not divest the lien.   It is well settled that, after the expiration of its charter, a corporation has no capacity to sue : Building Assn. v. Anderson, 7 Phila. 106.

The decisions are uniform that a vendee will not be compelled to accept a doubtful title : Dalzell v. Crawford, 1 Pars. Eq. Cases, 37 ; Anshutz v. Miller, 81 Pa. 212 ; Doebler's App., 64 Pa. 9 ; Swayne v. Lyon, 67 Pa. 436 ; Herman v. Somers, 158 Pa. 424 ; Reighard's Estate, 192 Pa. 108.

*J. Rodgers McCreery*, with him *Charles A. Locke*, for appellee.—The title is marketable : Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411 ; Hartman v. Ogborn, 54 Pa. 120 ; Shryock v. Buckman, 121 Pa. 248 ; Kennedy v. Baker, 159 Pa. 146 ; Pennock v. Freeman, 1 Watts, 401.

Opinion by Mr. Justice Fell, January 6, 1908 :
The bill in this case was by the vendee for the specific performance of a contract for the sale of land.   The defendant agreed in writing to sell the plaintiff a lot in Allegheny City, clear of all incumbrances, for $2,250.   In 1891 the lot was owned by Margaret Lenaghan, who mortgaged it to a building association.   She died in 1896 and the title to the lot became vested under her will in her husband, Peter Lenaghan. The charter of the building association expired in 1896 and

was not extended. In 1897 judgment was obtained in a proceeding on the mortgage, in the name of the association, for $2,037 and the lot was sold by the sheriff and purchased by it. In 1897 it sold, and by deed executed by its last elected officers, conveyed the lot to the defendant's grantor for $2,600. The purchase money received was properly applied by these officers, who had continued to act for it in the liquidation of its affairs.

Exception was made by the plaintiff to the title on the ground that the foreclosure of the mortgage was after the expiration of the charter of the building association and the sale did not divest the title of Peter Lenaghan. The defendant then procured from Lenaghan a quitclaim deed and tendered it to the plaintiff. He was then met with the further objection that the lien of the mortgage had not been divested and with the demand that he should procure its satisfaction of record. The avowed object of this bill is to require the satisfaction of the mortgage. It was found by the court that the defendant believed his title was good and unincumbered when he agreed to convey it and that he had procured the quitclaim deed to satisfy the plaintiff. The bill was dismissed for the reason, among others, that since a decree would not have been made compelling the defendant to perfect the title, it would be inequitable to require him to have the mortgage satisfied.

When a vendor's covenant is broken, the vendee may rescind the contract, or at his election bring an action at law for damages, or institute a proceeding in equity to enforce specific performance as far as the vendor can perform and have an abatement out of the purchase money for any deficiency of title or quantity or other matters touching the estate : Erwin v. Myers, 46 Pa. 96 ; Notes to Seton v. Slade, Lead. Cases in Equity, vol. 2, part 2, *513. On the principle that when the vendor cannot make title to all that he has agreed to convey, he will, at the option of the vendee, be required to convey as far as he can convey, a court of equity may direct that a part of the purchase money be retained to discharge liens when the contract was to convey clear of incumbrances. It is, however, clear that this can be done only in cases where the amount of the liens is fixed or readily ascertainable.

In this case, if the mortgage is a valid incumbrance that

justified the plaintiff's refusal of the conveyance tendered, its discharge would require the payment of a sum larger than the purchase money; if there is a doubt as to its lien that affects the marketability of the title, the defendant should not be required to institute proceedings to remove it. A decree of specific performance will not be made against a vendor when the circumstances would make it unconscionable to enforce the contract: Mitchell v. Steinmetz, 97 Pa. 251.

The bill was properly dismissed. It is only when the vendor's inability to convey was unknown at the time of filing the bill for specific performance that the court will retain the bill for the purpose of assessing damages.

The decree is affirmed at the cost of the appellant.