## Electra Realty Company v. Calvary Evangelical Lutheran Church

*Lewis F. Adler, Kohn, Adler & Adler,* for plaintiff.
*Leslie B. Handler, Handler & Handler,* for defendant.

BOWMAN, J., September 22, 1969.—This is a case stated in which the parties pose the issue to be decided as whether the failure to affix Pennsylvania realty transfer tax stamps[1] to a particular deed constitutes a cloud on the title to the real estate in question.

---

[1] As required by section 4 of The Realty Transfer Tax Act of December 27, 1951, P. L. 1742, as reenacted and amended, 72 PS §3286.

The agreed to facts disclose that plaintiff, Electra Realty Company (Electra), by deed dated and recorded on September 5, 1968, in the Dauphin County Recorder's Office in Deed Book A, vol. 54, p. 641, sold and conveyed to defendant, Calvary Evangelical Lutheran Church (Calvary), a tract of land in Swatara Township for a consideration of $45,000. Appropriate realty transfer tax stamps are affixed to this deed of conveyance.

This tract was part of a larger tract of land which had been acquired by Electra by deed of conveyance from Rudolph Dininni et ux. dated and recorded on September 12, 1963, in deed book A, vol. 49, p. 153. This same larger tract of land was the subject of a deed of conveyance from Matthew R. Rutherford to Rudolph Dininni dated September 6, 1963, and recorded September 12, 1963 in deed book A, vol. 49, p. 146.

The Rutherford-Dininni deed has appropriate realty transfer tax stamps affixed thereto. The Dininni-Electra deed does not. Incident to its being recorded, an affidavit in the form prescribed by the Pennsylvania Department of Revenue was executed and filed with the local recorder of deeds which declared the transaction not to be taxable because "This deed given by Rudolph Dininni as straw party to permit the insertion of a restrictive covenant omitted from a deed filed herewith from Matthew R. Rutherford to Rudolph Dininni. No actual consideration was paid by Electra Realty Company to Rudolph Dininni. The consideration actually passed from Electra Realty Company to Matthew R. Rutherford, Grantor in the deed from Rutherford to Dininni."

At time of settlement of the conveyance from Electra to Calvary, the latter caused $1,700 to be withheld from the agreed to purchase price "unless and until" Electra caused to be affixed to the Dininni-

Electra deed of conveyance realty transfer tax stamps in that amount.

While Calvary avers that the title conveyed to it by Electra was not marketable because the prior conveyance in the chain of title was a taxable transaction, the case stated does not disclose the nature or quality of the title to the land it had agreed to purchase nor the terms of an agreement, if any, it had incident to effecting settlement, notwithstanding the alleged cloud on the title.[2] We shall assume, however, that Calvary contracted to receive a title free of lien encumbrance and that the withholding of $1,700 was, by agreement, to preserve the rights of the respective parties.

It is also significant, in light of the issue posed for determination in this case stated, that the parties stipulate "there is no tax due the Commonwealth . . . by virtue of the limitation upon the collection of such tax under . . . Section 10.1 of the Act . . . as added by the Act of June 7, 1961, P. L. 272, 72 P. S. 3291.1(a)."[3] In their argument briefs, both parties apparently assume that the issue posed for our determination in this case stated turns exclusively upon the taxable or exempt status of the Dininni-Electra conveyance.

[2] See Hannan v. Carroll, 277 Pa. 32 (1923), holding that a vendee accepting conveyance with knowledge of title defect cannot thereafter make claim for any loss sustained, unless the parties by express agreement have reserved their rights or express covenant to protect is included in the deed: Andrien v. Heffernan, 299 Pa. 284 (1930).

[3] This subsection provides:

"If any person shall fail to pay any tax imposed by this act for which he is liable, the department is hereby authorized and empowered to make a determination of additional tax and interest due by such person based upon any information within its possession or that shall come into its possession. All of such determinations shall be made so that notice thereof shall reach the parties against whom made within three (3) years after the date of the recording of the document."

The deed in dispute was recorded September 12, 1963.

While we agree that a determination of tax exemption as claimed by Electra would resolve it, we do not believe a contrary determination necessarily impels a conclusion that Calvary must prevail. The real issue is not the taxable or exempt status of the questioned transaction but rather, assuming its taxable status, whether the nonpayment of the tax constituted a lien upon the realty at the time of the Electra-Calvary title transfer by deed of conveyance. In short, we do not believe it necessary to decide the tax question and do not do so.

It is our opinion, however, that at the time of conveyance by Electra to Calvary the real estate in question was not subject to a lien for realty transfer taxes even though it is assumed that the Dininni-Electra conveyance was a taxable transaction. Calvary, therefore, cannot prevail.

Section 1401 of The Fiscal Code[4] provides that all State taxes imposed by law shall constitute a first lien upon the real and personal property of the taxable from the date of settlement, assessment or determination "except as otherwise expressly provided by law under which the claim of the Commonwealth arises."

Section 10.2 of The Realty Transfer Tax Act, supra, 72 PS §3291.2, as added by the Act of August 24, 1963, P. L. 1122,[5] expressly provides that any tax determined to be due by any person and remaining unpaid "after demand for the same" shall be a lien in favor of the Commonwealth "but only after said lien has been entered and docketed of record . . . where such property is situated."

---

[4] Act of April 9, 1929, P. L. 343, 72 PS §1401.

[5] This act, adding a new section to The Realty Transfer Tax Act, states its purpose to be that of "imposing a lien for unpaid taxes, requiring the entry and indexing thereof of record, establishing priority and duration of liens and providing for their renewal."

This section having expressly provided for tax liens under The Realty Transfer Tax Act and for their manner of creation, we believe it to be self-evident that section 1401 of The Fiscal Code, by its very language, became inapplicable to such taxes. Hence, as to this State tax, only properly recorded liens or encumbrances upon titles to real estate become such as to the property, real or personal, of the taxable at the time of recording. Undoubtedly, the uncertainty cast upon titles to real estate by reason of the nature of this tax as against a transaction without fixing payment responsibility as between grantor and grantee and its method of self-assessment impelled the General Assembly to adopt these special recorded lien provisions for this taxing statute.

The case stated does not disclose the existence of any such recorded lien with respect to the Dininni-Electra transaction at the time of the real estate transfer between the parties here. Therefore, no realty transfer tax lien existed at that time which constituted an encumbrance upon Electra's title.

If further reason is needed to support our conclusion that Calvary cannot here prevail, section 10.1 of the act, as previously noted, imposes a three-year time limitation upon the Commonwealth in which to initiate procedure to collect unpaid realty transfer taxes due by any person. This period begins to run from the date of the recording of the document subjected to tax as a taxable transaction. Whether the Dininni-Electra transaction might have ultimately been declared to be a taxable one, the time has long since passed in which the Commonwealth could initiate procedure asserting such tax liability. And the time for the Commonwealth to have so acted had also passed at the date of the transfer of title between the parties hereto.

For the foregoing reasons and consistent with the agreement of the parties as to entry of judgment de-

pending upon our resolution of the issue posed, we enter the following

### ORDER

And now, September 22, 1969, judgment is hereby entered in favor of plaintiff, Electra Realty Company, and against defendant, Calvary Evangelical Lutheran Church, Harrisburg, Pa., in the sum of $1,700, each party to bear its own costs.