## Lazarus v. Lehigh & Wilkes-Barre Coal Company, Appellant.

*Mines and mining—Coal lease—Landlord and tenant—Affidavit of defense.*

In an action of assumpsit against a coal company to recover the value of coal mined from a small tract of land, forming part of a much larger tract of coal lands, operated under a lease from plaintiff's predecessors in title to the assignors of defendant company, an affidavit of defense is insufficient which denies that title to the small tract ever existed in plaintiffs or their predecessors, or that any right to the tract

passed under the lease, and claims title in defendants by purchase after the date of the lease, but which does not show any chain of title in the defendants from the commonwealth, does not contain an averment as to how title became vested in its grantors, and which admits the existence of the lease and defendants' possession thereunder.

Argued April 12, 1910. Appeal, No. 91, Jan. T., 1910, by defendant, from order of C. P. Luzerne Co., Oct. T., 1908, No. 1,180, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George Lazarus et al. v. Lehigh & Wilkes-Barre Coal Company. Before Fell, C. J., Brown, Mestrezat, Potter and Elkin, JJ. Affirmed.

Assumpsit for value of coal mined. Before Garman, J. The facts appear in the opinion of the Supreme Court.

*Error assigned* among others was in making absolute rule for judgment for want of sufficient affidavits of defense.

*Andrew H. McClintock,* for appellant.

*W. Alfred Valentine,* with him *G. Fred Lazarus,* for appellees.

Opinion by Mr. Justice Potter, July 1, 1910:

Counsel for appellant here contends that the court below erred in entering judgment against it for want of a sufficient affidavit of defense. The action was assumpsit, to recover the value of coal mined from a small tract of land, containing some two acres, 143 perches, forming part of a much larger tract of coal, operated under a lease from plaintiff's predecessors in title, to the assignors of the defendant company. The statement of claim filed by plaintiffs sets forth the lease in question, the rights of the plaintiffs thereunder, the rights and liabilities of the defendant company, the proviso for the payment of royalty, the possession by the defendant of the devised tract under the lease, its mining of coal therefrom, and its refusal to account to plaintiffs, and pay for the coal

mined from the said small portion, containing two acres, 143 perches. The amended statement of claim shows a chain of title from the commonwealth down to the plaintiffs. The defendant company in its affidavit of defense admits the existence of the lease, and its possession thereunder, but sets forth that the small tract in question did not belong to the plaintiffs, or the original lessors at the date of the lease, or at any time thereafter. It further claims to have purchased the small tract from other parties, after the date of the lease, and denies that it obtained any right to that tract, under the lease. The affidavit of defense does not, however, show any chain of title in the defendant, leading out of the commonwealth, and there is no averment as to how the title which it claims to have purchased became vested in its grantors. The affidavit is therefore deficient in this respect. It is not enough for the defendant to make a bald assertion that it has a title in fee simple to the land in dispute, without setting forth the chain of title upon which it relies. Having admittedly taken possession under the lease of the larger tract of land, of which the portion in dispute seems to have been a part, the burden was upon the defendant to show wherein the title of plaintiffs to the small tract was deficient. Neither eviction nor ouster from the land in question was averred. It is suggested that the terms of the coal lease amounted to a sale of the coal in place, and put the parties in the position of vendor and vendee. But whether the defendant be regarded as tenant or as vendee, it cannot use the possession it acquired under the lease, to the injury of those from whom it received it. We agree with the view of the court below, that the averments of the affidavits of defense are not sufficiently specific, and that they do not set forth facts which, if proven, would constitute a defense; and that the averments are in effect mere general denials of indebtedness.

The assignments of error are overruled, and the judgment is affirmed.