## Lazarus v. Lehigh and Wilkes-Barre Coal Company, Appellant.

*Real property—Deeds—Defective title—Rights of party in possession—Duty of purchaser to inquire—Constructive notice of defects—Mines and mining—Coal lease—Royalties as rent—Suit for royalties—Affidavits of defense—Insufficient averments.*

1. It is the duty of purchasers of real estate to make inquiry respecting the rights of the party in possession, and failing so to do, they are affected with constructive notice of such facts as would have come to their knowledge in the proper discharge of their duty.

2. Where a vendee buys or takes a deed and gives his obligation for the purchase-money with knowledge of a defect in the title but without taking a covenant against it, he can not in the absence of fraud, accident, or mistake, withhold any part of the purchase-money on account of the defective title; the presumption in such case is that the purchaser agreed to take the risk of the title on account of the advantages of the bargain.

3. In an action to recover royalties alleged to be due under a coal lease, it appeared that part of the claim was for coal mined from a tract of land of about three acres which had been included in a ninety-nine year lease of the coal under the larger tract of land containing 225 acres. The affidavit of defense did not deny the lease or that the lessee had entered into possession of the coal of the larger tract, but alleged that the plaintiff or his predecessors in title were not the owners of the three-acre plot at the time of the execution of the lease, but that defendant had subsequently

acquired title to said tract from a canal company which was the owner in fee at the time of the execution of the lease; and denied defendant's liability for royalties on coal mined from such tract. The affidavit did not aver fraud, accident or mistake in the execution of the lease, or that the original or any succeeding lessee had been ejected from or had surrendered the possession of the tract leased, and there was no covenant protecting the lessees against defective title. *Held,* the lower court did not err in entering judgment for plaintiff for want of sufficient affidavit of defense as to the royalties claimed on the three-acre tract.

Mr. Justice Elkin dissents.

Argued April 15, 1914.   Appeal, No. 124, Jan. T., 1914, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1912, No. 312, for plaintiff on rule for judgment for want of a sufficient affidavit of defense in case of George Lazarus, William W. Lazarus and Melissa Lazarus, executors of C. B. Lazarus, deceased; Lucinda M. Brundage, Margaret D. Bennett, A. E. Brader and Martha Brader (representatives of Stella Brader, deceased); W. H. Lueder, A. B. Lueder, F. A. Lueder, C. A. Lueder, Fannie Conover and Edith Lewis, all heirs and representatives of Thomas Lazarus, deceased; William Stoddard, executor of John Lazarus, deceased; William J. Spendley and Ernest M. Herring, executors of Richard Gunton, deceased; Thomas P. Blodgett, Charles Blodgett, Alma Rinehimer, Ida Davenport, Kate Blodgett, G. Fred Lazarus, ancillary administrator of James E. Blodgett, deceased; Miller Blodgett, Alice Davis, Blanche Douglass, Lillie Bowman, Martha Gruver and Lizzie Herring, heirs of Mary Blodgett and Asa Blodgett, deceased, v. The Lehigh and Wilkes-Barre Coal Company.   Before Fell, C. J., Mestrezat, Elkin, Stewart and Moschzisker, JJ.   Affirmed.

Assumpsit to recover royalties alleged to be due under a coal lease.

Rule for judgment for want of a sufficient affidavit of defense.   Before Garman, J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute as to part of the claim.  Defendant appealed.

*Error assigned* was in making absolute the rule for judgment for want of a sufficient affidavit of defense.

*Andrew H. McClintock,* with him *Arthur Hillman,* for appellant, cited: Comegys v. Davidson, 154 Pa. 534; Chaffey v. Boggs, 179 Pa. 301; Johnston, et al., v. Callery, 173 Pa. 129; Jenks v. Fritz, 7 W. & S., 201; Tyson v. Eyrick, 141 Pa. 296; Kidd v. Koch, 2 C. C. R. 285; Beaupland v. McKeen, et al., 28 Pa. 124; Grace M. E. Church v. Dobbins, 153 Pa. 294; Commonwealth v. McAllister, 2 Watts. 190; Haldeman v. Penna. Central R. R. Co., 50 Pa. 425; Craig v. Allegheny, 53 Pa. 477; Robinson v. West Penna. R. R. Co., 72 Pa. 316; Penna. & N. Y. Canal & R. R. Co. v. Billings, 94 Pa. 40; Penna. Canal Co. v. Lewisburg, Etc., Ry. Co., 10 Pa. Superior 413; Penna. Canal Co. v. Harris, 101 Pa. 80; Wyoming Coal & Transportation Co. v. Price, 81 Pa. 156.

*W. Alfred Valentine,* with him *G. Fred Lazarus,* for appellees, cited: Lighty v. Shorb, 3 P. & W. 447; Perkins v. Gay, 3 S. & R. 327; McAninch v. Laughlin, 13 Pa. 371; Cadwalader v. Tryon, 37 Pa. 318; Wilson v. Cochran, 48 Pa. 107; Wilson's App., 109 Pa. 606; Grace M. E. Church v. Dobbins, 153 Pa. 294; Blood v. Crew Levick Co., 177 Pa. 606; Lehigh Valley Coal Company v. Everhart, 206 Pa. 118; Burton v. Forest Oil Company, 204 Pa. 349; Caldwell v. Fulton, 31 Pa. 475; Smith v. Webster, 2 Watts 478; Jackson v. McGiness, 14 Pa. 331; Babcock v. Day, 104 Pa. 4; Wyoming Coal Transportation Co. v. Price, 81 Pa. 156; Lazarus v. Lehigh and Wilkes-Barre Coal Co., 228 Pa. 532; Peters v. Florence, 38 Pa. 194; Woodward v. Railroad Co., 121 Pa. 344; Craig v. Allegheny; 53 Pa. 477; Common-

wealth v. Fisher, 1 P. & W. 462; Sholl v. Stump, 24 Pa. Superior Ct. 48.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1914:

This is an action of assumpsit brought to recover royalties for coal mined upon two small pieces of land in Hanover Township, Luzerne County, one containing two acres and one hundred and forty-three perches, the other containing about two and three-tenths acres. The court made absolute the rule for judgment for want of a sufficient affidavit of defense as to the royalties due on the coal mined on the two and three-tenths acres. This appeal is taken by the defendant from that judgment.

By an agreement dated April 13, 1871, the plaintiffs' predecessors in title demised and leased to the defendant's predecessors in title all the anthracite coal under four contiguous tracts of land in Hanover Township, Luzerne County, containing two hundred and twenty-five acres and two perches, for and during the term of ninety-nine years. The lessees covenanted to pay to the lessors twenty-five cents per ton of the merchantable coal mined upon the leased premises which would pass over a screen of a certain size mesh. The rent was to be paid quarterly in each year, and during the fifth and subsequent years of the lease a minimum annual rental of $14,000 was to be paid, whether the coal mined was sufficient, at the rate of twenty-five cents per ton, to make up the rentals or not. We held in Lazarus's Est., 145 Pa. 1, that the agreement in this case, while in form a lease, constituted a sale of the coal conditioned upon its being removed within the period specified, and that the grantee had the absolute and exclusive right, under the conveyance, to mine all the available coal contained in the tract described.

The statement of claim avers, inter alia, the making of the lease of the coal under the tract of two hundred and twenty-five acres and two perches; the provision for the payment of the royalty; the inclusion in the

lease of the two small pieces of land, one formerly owned
and used by the Pennsylvania Canal Company; that
since 1907 the rental paid for coal mined from the de-
mised tract (excluding the two pieces involved in this
suit) has been and continues to be in excess of the quar-
terly payments of royalty or rent; and that the defend-
ant has failed to pay the royalty claimed in this suit.
The affidavit of defense does not deny the lease nor can
the defendant deny that the lessee had constructive pos-
session of the whole tract thereunder, but it is averred
that neither the plaintiffs nor their predecessors in title,
the original lessors, at the date of the lease or since,
were the owners of the canal strip, but at that date and
subsequently thereto defendant and its predecessors in
title were, and defendant still is, the owner thereof, set-
ting out the title from the Commonwealth down to the
defendant, including the latter's deed dated February
11, 1884; that it has the right to dispute and deny the
ownership of the plaintiffs in the canal strip; that at
the time of the execution of the lease the canal strip was
in the possession, occupancy of and used as and for a
canal by the Pennsylvania Canal Company, defendant's
predecessor in title; that the defendant never recog-
nized any ownership of the plaintiffs in the canal strip
nor did it pay any rent or royalty for mining coal
thereon to the plaintiffs under the terms of the lease;
and that the defendant is not in possession of either of
the two pieces of land under the lease but is in posses-
sion and control of both by virtue of the purchase and
ownership thereof. The affidavit of defense was, on
motion, permitted to be amended by averring that no
coal had been mined under the two acres and one hun-
dred and forty-three perches since a former settlement
between the parties, and that the total amount of coal
mined from the canal strip since an agreement made in
a suit brought in 1904, was 23,624.02 tons. The judg-
ment was entered against the defendant for this ton-
nage at twenty-five cents per ton.

The defendant contends that neither at the date of the execution of the lease nor since were the plaintiffs' predecessors in title or the plaintiffs themselves the owners of the canal strip of land, but on the contrary, the defendant's predecessors in title were the owners when the lease was executed and the defendant is now the owner of the strip, and that, therefore, the defendant has the right to defend against the payment of the purchase-money for the leased premises to the extent that the title is defective. This is the only defense to the plaintiffs' claim, and we think the learned court below was right in declaring it insufficient to defeat a recovery. The defendant and its predecessors in title have had constructive possession of the two hundred and twenty-five acres of land since the execution of the lease, and it is not denied that they have paid the minimum royalty required by the lease, nor is it averred that they have refused to pay the royalties provided in the lease, prior to the denial of the right of the plaintiffs to recover for, the rentals due for coal mined under the two small pieces of land for which this action was brought. This court sustained a judgment entered against the defendant for royalties previously due the plaintiffs for coal mined under the tract of two acres and one hundred and forty-three perches (228 Pa. 532). There is no averment in the affidavit of defense that there was fraud, accident or mistake in the execution of the lease, that the original or any succeeding lessee has been evicted from or surrendered the possession of the tract, or that there is a warranty of title on the part of the lessor or any covenant protecting the lessees against defect of title. There is an express covenant by the lessees to pay for all coal mined on the leased premises. It will be observed that the affidavit of defense avers specifically that at the date of the execution of the lease the canal strip was in the possession, occupancy, and used as a canal by the Pennsylvania Canal Company, and that the title of the defendant and its predecessors in title was a

matter of record in the proper offices of the Commonwealth.

The sum claimed in this action is a part of the purchase money of the coal sold by the plaintiffs to the defendant. It is familiar law that under certain circumstances a purchaser may successfully defend against the payment of purchase-money on the ground of a defective title. Here, however, the defendant has not averred facts which bring it within the operation of the rule. The case as presented on the statement and the affidavit of defense is simply the purchase by the defendant's predecessors in title of the two hundred and twenty-five acres of coal with the knowledge of a defective title to the canal strip, without any fraud, accident or mistake and without the purchaser taking a covenant against the defect. In addition to the records disclosing the title of the defendant's predecessors to the premises prior to the execution of the lease, the affidavit distinctly avers that the strip of land was then occupied and used by the Pennsylvania Canal Company. Three quarters of a century ago, in Woods v. Farmers, 7 Watts 383, we said, adopting the English doctrine, that the possession of a tenant is notice of his actual interest, whether as lessee or purchaser. In the more recent case of Jamison v. Dimock, 95 Pa. 52, we reiterated the rule, holding that it is the duty of purchasers of real estate to make inquiry respecting the rights of parties in possession, and failing to do so, they are affected with constructive notice of such facts as would have come to their knowledge in the proper discharge of that duty. Had the defendant's predecessors before executing the lease of 1871 inquired of the Pennsylvania Canal Company which was in possession of the strip of land they would have been informed that the canal company had the title which the defendant now sets up as a defense to this action and claims to be a fee in the canal strip. It is clear, therefore, that the defendant must be regarded as having purchased the two hundred and twenty-five

acres of coal with knowledge of the defect of title in the lessors to the canal strip, and, as said in Lighty v. Shorb, 3 P. & W. 447, 452, "to have been compensated (for the risk) in the collateral advantage of the bargain." The defendant alleges that it is not in possession of the strip of land under the lease but under its own title. This, however, is simply a conclusion of law, and not a statement of a fact. It is not denied that the lessee took possession constructively of the entire body of coal leased by the agreement of 1871, that it continued such possession and had actual possession of the coal mined by it, and that it has paid the minimum annual rent fixed in the lease. Necessarily there could be no actual possession of the unmined coal. The defendant has not been evicted from the possession taken under the lease, nor has it ever expressed to the plaintiffs any desire to surrender such possession, nor has it made any request of the plaintiffs to cancel the lease.

We think the case comes within the well settled rule that where a vendee buys or takes a deed, and gives his obligation for the purchase-money, with a knowledge of a defect in the title, and without taking a covenant against it, he cannot, in the absence of fraud, accident or mistake, withhold any part of the purchase-money on account of the defective title. As pointed out above, the defendant does not allege there was fraud, accident or mistake in the execution of the lease, and it is clear that the lessees had at least constructive notice of an outstanding title to the canal strip. In Cadwalader v. Tryon, 37 Pa. 318, 322, Mr. Justice THOMPSON delivering the opinion, said: "If the defendant knew of the defect of the plaintiff's title in the particular alleged and proved, before he bought, and required no covenant against it, and there was no fraud, he cannot detain any portion of the purchase-money......When there is a known defect of title, and no covenant or fraud, the presumption is that the purchaser agreed to take the risk of the title on account of the advantages of the

bargain. There is no difference as to this, whether the contract rests merely on articles of agreement, and therefore entirely executory, or on a deed without general warranty, where the purchase-money has not all been paid. A very different rule exists where the defects are unknown. There, wherever the purchase-money remains unpaid, if there be no covenant of warranty, the money may be retained." Mr. Justice CLARK, delivering the opinion in Wilson's App., 109 Pa. 606, 609, said: "If a vendee, with knowledge of the existence of an incumbrance or of a defect in the title, accept a deed with a warranty against it, and gives his bond for the purchase-money, the continued existence of such incumbrance or defect is no defense to an action on the bond. Or, if a vendee purchase with knowledge of a defect of title, and take no covenant against it, he cannot set it up as a defense in an action for the purchase-money. In the one case the vendee chooses to rest upon his covenant, and in the other he agrees to run the risk of the title." In Ruple's App., 1 Mona. 294, a right of way across the land had been granted the Delaware and Hudson Canal Company for a steam railroad, the deed and a plot showing the right of way being recorded. The canal company built a single track, visible at the time of the conveyance from the plaintiff to defendant, a street railway company being then in possession presumably under or by permission of the canal company. The deed also reserved any right of way which the street railway company might have. It was held that judgment entered on a bond for purchase-money would not be opened. The court below held, and was affirmed by this court, that Ruple (the purchaser) had at least constructive notice of the right of way; that the reservation in his own deed and possession of the street railway company put him on inquiry, not simply how long the street railway company was to occupy, but by what title. The presumption is, says the court, such inquiry would have given actual notice of what the record and con-

veyances in the line of title showed, that the Delaware and Hudson Canal Company was in actual possession of the right of way. This case is closely analogous to the one at bar. The difference is there was a reservation in the grantee's deed in the case cited, but we think that immaterial as the court distinctly holds that possession of the right of way by the railroad company was constructive notice of the outstanding title.

The judgment is affirmed.


DISSENTING OPINION BY MR. JUSTICE ELKIN, July 1, 1914:

I am not familiar with any rule of law which gives a lessor the right to lease and receive royalties for coal owned by someone else. If the averments of the affidavit of defense are true, and this is a question of fact under the pleadings, the coal in dispute here belongs to defendant, and if this be true, the lessors will be permitted to recover royalties for coal to which they have no title, and the lessee will be required to pay parties without title for coal mined and removed from its own premises. The technicalities of the law should not be permitted to make such a result possible. In Lazarus v. L. & W.-B. Coal Co., 228 Pa. 532, the affidavit of defense was held to be insufficient, but this was put upon the ground that the averments of the affidavit did not show chain of title out of the Commonwealth, or how the title became vested in defendant. It was held to be deficient for this reason. In the case at bar the affidavit avers ownership of the coal in question to be in defendant and sets up chain of title from the Commonwealth. This corrects the deficiency suggested in the case above cited.

I would hold the affidavit to be sufficient so that the case could be tried upon its merits.